REID *v.* REID.

4-9289                                   234 S. W. 2d 195

Opinion delivered November 27, 1950.

*Eugene Coffelt,* for appellant.

*J. T. McGill,* for appellee.

GRIFFIN SMITH, Chief Justice. The parties were divorced in Illinois during 1942. The only child mentioned is a girl, born in 1932. When the divorce was granted the court directed appellant to pay $70 per month for alimony and child support. He was then earning between $3,500 and $4,500 a year. Appellant moved to Arkansas and bought a small farm in Benton County. He has again married and now asserts inability to appropriately maintain himself and wife and meet the Illinois judgment. We are not concerned with the binding effect of the award then made by agreement—whether that court or any other could grant relief on the insistence of the party charged. Seemingly appellant and appellee agreed that the Illinois judgment should be disregarded, for on July 5, 1949, appellant petitioned for relief, stating that $70 per month had been awarded for the child's support. The prayer went to the single question of child support. When the Benton Chancery Court order is read, it is apparent that the parties were in accord regarding a reduction. The judgment is dated July 5, 1949, recites a waiver of summons by the defendant, and settlement of delinquencies through payment of $330, with consent by the defendant that future monthly payments would be $30.

On January 26, 1950, appellee filed a pleading alleging appellant's failure to pay the modified sum "for the support of their child," the arrearages then being $210. The respondent was cited to show cause why he should not be held in contempt. A hearing was had February 9 of this year. When counsel for appellant asked his client concerning the daughter's health, the Chancellor remarked that "this development has made it necessary for me to know about the proceedings in Illinois." The reporter's notation is, "Court reads Illinois decree."[1] [A female person is of legal age in that state at eighteen.][2]

Although counsel for appellant objected to testimony in regard to "any divorce suit," there was no objection when the Chancellor later suggested that he ought to read the judgment or decree. Appellant had just been asked by his attorney, "Has the information come to you that the daughter is not in good health?"

It should be borne in mind that the proceeding did not have for its purpose the enforcement of a foreign judgment under the full faith and credit clause of the U. S. Constitution, Art. 4, § 1. If that had been the object the authenticated copy referred to by Judge Seamster would have been the basis for an independent suit.

Since the question prompting the Chancellor's interest in the divorce decree was asked by appellant's counsel, and there was no objection when the instrument was read or when it was included in the bill of exceptions, no prejudice resulted from the use made of it. The record, including the judgment, appears to have been indorsed "o. k" by counsel for each litigant.

The court found that the defendant had contemptuously disregarded the direction to pay $30 per month and ordered him into the Sheriff's custody. It was also decreed that the defendant execute a bond for $500, conditioned that he would make future payments.

---

[1] Chapter 37, § 72.25, Revised Statutes of Illinois, 1949, confers jurisdiction upon circuit courts in matters of divorce and alimony, and permits them to render "judgments and decrees."

[2] Revised Statutes of Illinois, Ch. 3, § 283.

Appellant's contention is that the Arkansas decree of July 5, 1949, applies only to child support, and that the former wife's interest in the original $70 judgment was destroyed through consent when the decree, by its terms, mentioned child support only; hence, after the daughter became 18 years of age, there was no further obligation. The arrearages of $210 under the Arkansas decree were paid, and the appeal was taken from the order requiring execution of bond for future payments.

In buying the farm appellant borrowed on his life insurance and [as he said] "I cashed all the bonds I had, $6,500, to be paid on this farm." The father thought that his 18-year-old daughter was "all right," but he had not seen her for more than four years, nor had the girl written him. He "presumed" she was in good health because "it was perfect four years ago."

There are circumstances in which bond for the performance of a judgment for alimony or child support may be required. An instance would be where the defendant was fraudulently disposing of his assets. Since the court had power to require a bond, its action in a particular case would be subject to review on appeal. Of course, if power in the court were lacking, a petition for review through *certiorari* would reach the vice.

We cannot agree with appellant that in reducing the Illinois award it was the Arkansas court's intention to do more than relieve appellant of a part of his burden. For confirmation one need only examine the July 5th complaint wherein it is asked that "the child support" be reduced. The expressed purpose then was *not* to procure relief from alimony. Appellant, while objecting to consideration of the Illinois judgment, says it is not denied that he was to pay his wife $70 per month. The Illinois judgment which mentions both the wife and daughter does not differentiate between the two, so the award was not by its terms apportionable. Nor is there any language in the Arkansas decree relieving appellant of his obligations to appellee.

Literally construed in the light of counsel's admission in his brief that the *wife* was due $70 per month, the

70

reduction in which $30 is mentioned applies only to the daughter, leaving the remaining $40 as the wife's alimony. The fallacy of this reasoning is that no actual reduction would result, when of course the controlling purpose was to ease appellant's payments. Therefore, giving effect to what the court and all of the parties obviously intended, it should be held that appellant is to pay his wife $30 per month from the date of the decree, and it is immaterial whether she uses it for herself or assists the daughter. In either event appellant has been helped to the extent of $40 per month, and that was his primary purpose.

Affirmed.